UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JERILYN A. "JERI" LUCAS AND       :
JOHN LUCAS,                       :         Civil Action No. 12-1143 (MAS)
                                  :
        Plaintiffs,               :
                                  :         MEMORANDUM OPINION
    v.                            :
                                  :
NICHOLAS ROMITO, ET AL,           :
                                  :
        Defendants.               :

This matter comes before the Court upon Plaintiffs, Jerilyn A. Lucas and John Lucas'

("Plaintiffs") request to file an Amended Complaint (Docket Entry No. 110) to add Count Seven,

an Underinsured Motorist ("UIM") count against Defendant American Family Insurance and

Count Eight, an Underinsured Motorist count against Defendant Electric Insurance Company[1]

pursuant to Fed.R.Civ.P. 15(a).  Defendant American Family Insurance ("Defendant") opposes

Plaintiffs' Motion (Docket Entry No. 113).  The Court has fully reviewed and considered all

arguments made in support of, and in opposition to, Plaintiffs' motion.  The Court considers

Plaintiffs' motion without oral argument pursuant to L.Civ.R. 78.1(b).  For the reasons set forth

more fully below, Plaintiffs' motion to file an Amended Complaint to add Count Seven against

Defendant American Family Insurance is GRANTED.

I.      Background

        The parties are aware of the facts of this case, therefore, they are not restated herein at

length. This case arises out of an automobile accident in which Plaintiff Jerilyn Lucas

---

[1] A stipulation of dismissal with prejudice as to Defendant Electric Insurance Company was entered on October 3, 2016 (Docket Entry No. 120), therefore, the motion to amend the complaint with regard to Count Eight against Electric Insurance Company is now moot.

("Plaintiff") sustained serious injuries.  Plaintiff was a right front seat passenger in Nicholas Romito's ("Defendant Romito") vehicle.  According to Plaintiff's account of the accident, Defendant Romito was driving in the center lane of three lanes of traffic on the New Jersey Turnpike when a red sports car ("phantom vehicle") veered from the left lane into Defendant Romito's lane causing him to swerve to the right and sideswipe a truck driven by Defendant Mark Fisher. (Pls.' Motion to Amend at 2, ¶¶ 1-2).  After the initial collision, Defendant Romito's vehicle then collided with a concrete median barrier of the New Jersey Turnpike.

### A.  Plaintiffs' Motion to Amend

Plaintiffs argue that they should be permitted to amend the complaint to add an Underinsured Motorist count against Defendant American Family Insurance because they are seeking to simply state an alternative theory for recovery, which they argue is permitted under *Foman v. Davis*, 371 U.S. 178 (1962).  Plaintiffs note that this Court granted Defendant's summary judgment motion and dismissed Plaintiffs' Uninsured Motorist Claim on May 31, 2016 (Docket Entry No. 99).  Plaintiffs state that once the UM Counts were dismissed, Plaintiffs formally put Defendant on notice of the UIM claim. (Pls.' Mot. to Amend at 7).  Plaintiffs further argue that they had previously put Defendant on notice of their intentions to assert a UIM claim if the UM claims were dismissed.  (Id.)  Finally, Plaintiffs argue that there is no prejudice to Defendant because it has participated in this cause of action since Plaintiffs filed their original complaint, has fully participated in all discovery, has participated in Plaintiff's deposition and has received all medical records. (Id. at 8).

### B.  Defendant's Opposition

Defendant argues that Plaintiffs' motion to amend is futile because Plaintiffs' have failed to exhaust all available insurance policies which Defendant claims is a precursor to any UIM

coverage from American Family. (Def.'s Opp. Br. At 5).  Defendant states that while Plaintiffs

settled with State Farm (Defendant Romito's insurer) for Defendant Romito's full liability limits,

Plaintiffs failed to settle with and exhaust the full insurance policy amounts of Blue Chip's

insurance with Lincoln General for Fisher's liability, which has $1 million available. (Id. at 8).

Defendant also argues that Plaintiffs' motion is futile because Plaintiffs cannot show that they

are legally entitled to recover any further damages from Defendant Romito.  (Id.)  Defendant

states that "the evidence to date shows that Romito was the least liable for the accident, surely

such fault would be apportioned." (Id.)  Defendant claims that "neither the proposed pleading nor

any discovery to date indicates that Plaintiffs are entitled to more damages." (Id. at 10).

Defendant argues that any amendment to the complaint would prejudice Defendant

because it would require additional discovery that is now unavailable due to the death of

Defendant Romito on August 10, 2016.  (Id. at 13).  Defendant argues that Plaintiffs are not

merely asserting an alternative theory of liability, rather, they are asserting an entirely new

theory of liability that will "fundamentally alter how [Defendant] can defend this case." (Id. at

14).  Defendant states that it has attempted to diminish the phantom vehicle's liability and has

been asserting Defendant Romito's liability.  (Id.)  Defendant argues that it would be prejudiced

because the entire time since the complaint was filed in 2012, Defendant has been "focused and

strategized on the UM claim and the liability of the phantom vehicle."  (Id. at 15).

Defendant further argues that Plaintiffs have unduly delayed in seeking to amend the

complaint only after Defendant was granted summary judgment. (Id.)  Defendant states that

Plaintiffs have alleged that damages were over one million dollars as early as December 2013

and knew that Defendant Romito's liability limits were $500,000.  (Id. at 15, 16).

**C. Plaintiffs' Reply**

Plaintiffs argue that the majority of Defendant's arguments are based upon issues of fact and the assignment of liability among the Defendant parties. (Pls.' Reply Br. at 1). Plaintiffs note that there has never been a decision in this matter where liability was apportioned between the Defendants. (Id. at 5). Plaintiffs state that they are not attempting to gain recovery from Defendant's UM  policy as Defendant argues and that the UIM claim is based on Defendant Romito's fault and his insurance policy. (Id.). Plaintiffs argue that they are clearly entitled to the UIM coverage for Defendant Romito's percentage of liability. (Id.)  Moreover, Plaintiffs argue that they did not unnecessarily delay the filing of the motion to amend. Plaintiffs note that UIM claims are generally accepted when noticed. (Id. at 7). Plaintiffs further state that on December 3, 2013, they forwarded a demand to all Defendant's putting them on notice that Plaintiffs' damages exceeded $3 million, which exceeded the combined policy limits. (Id.)

**II.     Analysis**

Pursuant to Fed.R.Civ.P.15(a)(2), leave to amend the pleadings is generally granted freely. *See Foman v. Davis,* 371 U.S. 178, 182 (1962); *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000). Nevertheless, the Court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." (Id.)  However, where there is an absence of undue delay, bad faith, prejudice or futility, a motion for leave to amend a pleading should be liberally granted. *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004).

An amendment is futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face." *Harrison Beverage Co. v. Dribeck Imp., Inc.,* 133 F.R.D. 463, 468

(D.N.J. 1990) (internal quotation marks and citations omitted).  To evaluate futility the District

Court uses "the same standard of legal sufficiency" as applied for a motion to dismiss under Rule

12(b)(6).  *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000).  "Accordingly, if a claim is

vulnerable to dismissal under *Rule 12(b)(6)*, but the plaintiff moves to amend, leave to amend

generally must be granted unless the amendment would not cure the deficiency." (Id.)

The Court finds that the Plaintiffs' motion to amend is not futile.  The liability of each

Defendant and whether each policy must be exhausted are questions of fact for the District Judge

or a jury to decide.

The Court finds that there was no undue delay, bad faith or dilatory motive by Plaintiffs.

As Defendant stated in its opposition brief, "Plaintiffs have alleged that damages were over one

million dollars as early as December 2013 and knew that Defendant Romito's liability limits

were $500,000."  (Id. at 15, 16).  This, along with a December 20, 2013 letter in which Plaintiffs

stated the demand exceeds the combined policy limits (Docket Entry No. 48), put Defendant on

notice that their UIM policy would be at issue.  Furthermore, Plaintiff again put Defendants on

notice of a UIM claim in its opposition to Defendant's summary judgment motion.  Defendant

then responded to Plaintiffs raising of a UIM claim in its reply brief.  As Defendant has been on

notice about a possible UIM claim since December 2013, the Court finds that there is no undue

prejudice to Defendant if the amendment is allowed.

## III. Conclusion

For the reasons set forth above, Plaintiffs' Motion to Amend is GRANTED. An appropriate Order follows.

Dated: December 1, 2016

s/ Tonianne J. Bongiovanni
**HONORABLE TONIANNE J. BONGIOVANNI**
**UNITED STATES MAGISTRATE JUDGE**